# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| MARLON ROBINSON, on behalf of himself and others similarly situated, | Civil Action No. |
| Plaintiff, | **COMPLAINT - - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| JOHNNY TAYLOR LAW PLLC, |  |
| Defendant. |  |

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of consumers in Texas who have been the subject of debt collection efforts by Johnny Taylor Law PLLC ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection

practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Further, over one-third of all debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers do not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about the alleged debts being collected as well as consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7. Pertinent here, the validation notice must advise the consumer that unless he, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*. 15 U.S.C. § 1692g(a)(3).

8. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act— CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

9. This case centers on Defendant's failure to properly provide the disclosure required by 15 U.S.C. § 1692g(a)(3) in its initial written communications to Texas consumers, or within five days thereafter.

## PARTIES

10. Marlon Robinson ("Plaintiff") is a natural person who at all relevant times resided in Harris County, Texas.

11. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan used to make home repairs and renovations (the "Debt").

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is a professional limited liability company with principal offices in Katy, Texas.

15. Defendant is a law firm specializing in creditors' rights and related litigation, including compliance and defense work. Defendant also undertakes debt collections for many types of consumer and commercial debts.[3]

16. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**JURISDICTION AND VENUE**

20. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in this district, and as Defendant transacts business and is headquartered in this district.

---

[3] *See* http://johnnytaylorlaw.com/ (last visited August 13, 2018).

## FACTUAL ALLEGATIONS

22. On or about June 4, 2018, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23. A true and correct copy of the June 4, 2018 communication is attached as Exhibit A.

24. The June 4, 2018 communication was the first written communication Plaintiff received from Defendant in connection with the Debt.

25. Plaintiff did not receive any additional written communications from Defendant within five days of the June 4, 2018 communication.

26. The June 4, 2018 communication is headed "NOTICE OF PRIOR ACCCELERATION AND DEMAND FOR PAYMENT" and advises Plaintiff that Defendant represents Shared Resources Credit Union regarding an allegedly defaulted loan. *See* Ex. A.

27. The June 4, 2018 letter includes a demand for payment on the allegedly defaulted loan, as well as a disclosure that "[t]his communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. A Fair Debt Collection Practice [*sic*] Act Notice follows below." *Id*.

28. In said "Notice," appearing immediately below Johnny Taylor's signature, Defendant states in relevant part: "Unless, within 30 days after receipt of this notice, you dispute the validity of this debt, or any portion thereof, the debt will be assumed valid." *Id*.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

> All persons (a) with an address in Texas, (b) to whom Johnny Taylor Law PLLC mailed an initial debt collection communication not returned as undeliverable, (c) within one year before the date of this complaint through the date of class certification, (d) in connection with the collection of a consumer debt, (e) that stated: "Unless, within 30 days after receipt of this notice, you dispute the validity of this debt, or any portion thereof, the debt will be assumed valid."

30. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

31. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

33. The proposed class is ascertainable because it is defined by reference to objective criteria.

34. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

35. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

36. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant—the dissemination of materially misleading initial debt collection communications—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

37. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

38. Plaintiff has no interests that are irreconcilably contrary to or in conflict with the members of the class that he seeks to represent.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

40. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

41. There will be no difficulty in the management of this action as a class action.

42. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

43. Among the issues of law and fact common to the class members are:

    a. Whether Defendant is a debt collector as defined by the FDCPA;

    b. Defendant's violations of the FDCPA as alleged herein;

    c. Defendant's conduct in sending misleading disclosures required by the FDCPA;

    d. the availability of statutory penalties; and

    e. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(3)

44. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

45. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

46. Defendant's June 4, 2018 communication was its initial communication to Plaintiff.

47. Plaintiff did not receive any other written communications from Defendant within five days of the June 4, 2018 letter.

48. The June 4, 2018 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

8

49. At the time Defendant acquired the Debt for collection, it was, upon information and belief, considered to be in default.

50. The June 4, 2018 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

51. Specifically, the June 4, 2018 communication violated 15 U.S.C. § 1692g(a)(3) by advising Plaintiff that unless he, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, "the debt will be assumed valid"—with no reference to *who* would be making this assumption.

52. By failing to specify that the debt would thereafter be assumed valid *by Defendant* (and *only* by Defendant), the June 4, 2018 misstates Plaintiff's rights pursuant to the FDCPA. *See, e.g.*, *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 823 (E.D. Va. 2014) ("The Letter's failure to state who would assume the debt's validity does not comply with § 1692g(a)(3) of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.").

53. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

54. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and failed to give him statutorily-mandated disclosures to which he was entitled.

9

55. As well, Defendant's actions invaded a specific private right created by Congress to important disclosures regarding an alleged debt, and the invasion of that right caused injury to Plaintiff. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

56. Additionally, "[s]ection 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

57. The content of the June 4, 2018 communication "present[s] a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices because the letter[] provide[s] misleading information about the manner in which" Plaintiff's debt may be assumed valid absent dispute. *Macy v. GC Servs. Ltd. P'ship*, --- F.3d ----, 2018 WL 3614580, at *6 (6th Cir. July 30, 2018).

58. In other words, Defendant's deficient disclosure created a material risk of harm to Plaintiff's concrete interests Congress sought to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

59. Specifically, where a consumer is told that his failure to dispute a debt within 30 days of receipt of the validation notice will result in that debt being assumed

valid *generally*, and not simply by the debt collector, such misstatement creates a risk that the consumer will believe (incorrectly) that anyone beyond the debt collector—for example, the original creditor, the current creditor, or even a court of law—will be entitled to this same presumption of validity, which is not true.

60. A consumer under this misimpression could then unwittingly waive his rights to dispute the alleged debt at a later junction, to his own detriment.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(3);

c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e. Enjoining Defendant from future violations of 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class;

f. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

g. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 14, 2018                     Respectfully submitted,

/s/ *Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 E. 6th Street, Suite 913
Austin, TX 78701
Tel: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com